TYMKOVICH, Circuit Judge,
dissenting.
I disagree with the majority because I believe this case should be remanded to the plan administrator.
“When a plan administrator’s decision is overturned as arbitrary and capricious, we may either remand the case to the plan administrator for a renewed evaluation of the claimant’s case or we may order an award of benefits.” Flinders v. Workforce Stabilization Plan of Phillips Petroleum Co., 491 F.3d 1180, 1194 (10th Cir.2007). “Which of these two remedies is proper in a given case, however, depends upon the specific flaws in the plan administrator’s decision. If the plan administrator failed to make adequate factual findings or failed to adequately explain the grounds for the decision, then the proper remedy is to remand the case for further findings or additional explanation.” Id. (citations and quotations omitted). “In contrast, a retroactive reinstatement of benefits is proper where, but for the plan administrator’s arbitrary and capricious conduct, the claimant would have continued to receive the benefits or where there was no evidence in the record to support a termination or denial of benefits.” DeGrado v. Jefferson Pilot Fin. Ins. Co., 451 F.3d 1161, 1176 (10th Cir.2006) (quotation omitted).
Here, it appears to me that at least one of the denial letters referred to a portion of the benefits plan addressing life insurance coverage as well as citing to the provisions addressing health benefits. According to that denial letter, the plan administrator explained:
I have been asked to respond to your letter dated December 12, 2008 in which you claim your client, Tommy Spradley, is entitled to a Permanent and Total Disability (PTD) life insurance benefit from the Owens-Illinois Hourly Employees Welfare Benefit Plan.... Please note that Mr. Spradley’s benefit coverage under the Owens-Illinois, Inc. Hourly Employees Welfare Benefit Plan ended as of the last day of the month (April 30, 2008) in which his employment with Owens-Illinois ended ... (page 3) ... Once he retired and terminated his employment with Owens-Illinois, he was no longer eligible to apply for and receive a PTD life insurance benefit....
App. 464. The denial letter went on to explain that had Mr. Spradley applied for and qualified for this benefit at the proper time, he would have been required to elect the mix of benefits offered for disability rather than the mix of benefits offered for early retirement. He would not have been eligible for the “level-income” option that equalizes payments before and after the retiree becomes eligible for social security. App. 465.
Thus, even with the incorrect page references mentioned by the majority, Mr. Spradley and his lawyer had sufficient information to understand the gist of Owens-IUinois’s decision to include the life insurance provisions of the benefits package. Since I do not think the record mandates an award of benefits, and the record does not support a finding of bad faith on the part of the plan administrator in denying the benefits, a remand to the plan administrator is the proper course of action.